UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Michelle Lynne Kosilek
      Petitioner

v.

Kathleen M. Dennehy-Commissioner
      Respondent

PETITIONER'S BRIEF IN SUPPORT OF
PETITION FOR HABEAS CORPUS

Background

Petitioner was arraigned on charge of murder on Oct. 3, 1990, and agreed to a 12-day continuance. On Oct. 15, 1990, bail hearing was postponed for 14 days to allow for competency evaluation, which was filed with the Court on Oct. 31, 1990, but petitioner never returned to Court and never heard from appointed counsel until Oct. 30, 1991, when he withdrew at the petitioner's request because he had ignored her for a year. Bail hearing was never held, and petitioner's right to Speedy Trial was allegedly waived by counsel without the petitioner's permission or her knowledge, in violation of Mass. Rules of Crim. Procedure, Rule 11, which requires written waiver of Const. Rights by defendant at pre-trial conference, which was held on Oct. 30, 1990. Counsel then proceeded to waive petitioner's Speedy Trial right on numerous other occasions, all without her knowledge. Mass. Rule of Crim. Procedure, Rule 18(a) states, "in any prosecution for crime the defendant shall be entitled

to be present at all critical stages of the proceedings." Petitioner believes that any time a decision to waive her Const. Rights is made, this is a critical stage. Trial was delayed so long (32 months) that petitioner became suicidally depressed due to oppressive pre-trial detention that included denial of medical treatment and isolation. Isolation cell, ironically, was ordered based on petitioner's medical condition (Gender Identity Disorder) which she was then denied treatment for. Her mental deterioration and suicidal ideation resulted in psychiatric hospitalization in Dec. 1992.

In a Civil Action based on the denial of treatment, the United States District Court, the Honorable Mark L. Wolf presiding, the Court dismissed the complaint against the defendant, Sheriff David Nelson. The Court ruled that the defendant could not be held responsible for treatment denial, because he could not legally be assumed to be in possession of the same knowledge as his counsel when plaintiff communicated with counsel and not with defendant. Petitioner believes this ruling, used against her in Kosilek v. Nelson, should apply here as well.

The Mass. Supreme Judicial Court cited Comm. v. McCants, 20 Mass.App.Ct. 294, 299 (1985) in denying petitioner's claim of her right to be present when Speedy Trial right was waived, but this is at variance with the Federal Court's ruling in Kosilek v. Nelson, USDC, Mass. (2000), which states that a defendant cannot be assumed to know what counsel knows. The

S.J.C. ruling most applicable here is <u>Comm. v. Lutoff, 440 N.E.2d 52. 14 Mass.App.Ct. 434 (1982)</u> in which the Court ruled, "Interests, which are protected by Speedy Trial guarantee, include prevention of oppressive pre-trial incarceration, minimization of defendant's anxiety, and limitation of possibility that defense will be impaired." The mental breakdown alluded to above was less than one month before trial, yet trial was held anyway and petitioner was brought to Court in a state of severe clinical depression, (Exhibit 1). from Bridgewater State Hospital where she was being held in restrictive isolation due to concerns for possibility of self-harm. Petitioner was so compromised mentally at this point that she was unable to assist in her defense; as a result, counsel called only one witness, a Gender Specialist, to confirm that petitioner's medical condition, Gender Identity Disorder, was unrelated to the crime. Counsel put on no witnesses, and offered no defense. This is a classic representation of deterioration and compromised defense alluded to in <u>Comm. v. Lutoff, 14 Mass.App.Ct. 434</u> that would not have occurred if petitioner's Speedy Trial Motion had been granted.

The only Legal document mandated by State Law, the Writ of Habeas Corpus required to move prisoners from jail to Court, was not issued and therefore, denied the petitioner her right to prove Speedy Trial violation. (Exhibit 2) M.G.L. c.248 §6 requires this Writ be issued when prisoner goes to Court,

and there is no other legally mandated paper trail which can be used to prove or refute this claim; the "Clerk's Notes" cannot be a legal document, as they have erasures and cross-outs on them, and cannot be sworn to.

Since all parties computing the time came up with allowable days after Oct. 30, 1991 and all came up with different counts, petitioner has met the requirement for proving a Speedy Trial violation. Excluding the agreed-on 14 days between Oct. 15, 1990 and Oct. 30, 1991, there is a year and a day, with more time during the next 15 months, according to all who did computations.

In light of all the above, petitioner requests dismissal of Ind. 25906.

Dated: May 13, 2004

Respectfully submitted,

Michelle Lynne Kosilek.
Pro-se

75                                                                Exhibit 1



## The Commonwealth of Massachusetts
### OFFICE OF THE
### DISTRICT ATTORNEY
#### BRISTOL DISTRICT

**PAUL F. WALSH, JR.**
DISTRICT ATTORNEY

888 PURCHASE STREET
P.O. BOX B-940
NEW BEDFORD, MA 02740
(508) 997-0711
Ext. 55

TO: SUPERIOR COURT MAGISTRATE

### REQUEST FOR HABEAS CORPUS

FOR: Robert Kosilek

DOCKET NO. 25906    WHO IS PRESENTLY

CONFINED AT MCT - Bridgewater
(Name of Institution)

TO APPEAR BEFORE THE New Bedford Superior Court

AT 9:30 (Hour) ON Tuesday, January 12, 1993 (Date)

1/11/93
Date of Request

Judith A. Borowiecki
Requested by:
District Attorney's Office

BDA-61

Exhibit a



ALL COMMUNICATIONS SHOULD BE ADDRESSED
TO THE CLERK/MAGISTRATE

# Bristol County Superior Court

**MARC J. SANTOS, ESQ.**
CLERK/MAGISTRATE

**ROBERT J. MARTIN, ESQ.**
1st ASSISTANT CLERK

OFFICE OF THE CLERK/MAGISTRATE
P.O. BOX 547
TAUNTON, MASSACHUSETTS 02780
TAUNTON TEL. (508) 823-6588
FALL RIVER TEL. (508) 672-4464
NEW BEDFORD TEL. (508) 996-2051

**ASSISTANTS**

MARCEL W. GAUTREAU, ESQ.
PETER R. ANDRADE, ESQ.
PHILIP F. LEDDY, ESQ.
VALERIE A. BRODEUR, ESQ.
ERIN J. TIERNEY, ESQ.
MARK A. FERRIERA, ESQ.
JOSEPH T. VINCENT, JR., ESQ.

June 24, 2002

Michelle Kosilek
M.C.I. Norfolk
P.O. Box 43
Norfolk, MA 02056

Re:   Request for copies of habeas corpus

Dear Ms. Kosilek:

You have received a copy of the only habeas corpus that was issued in your case. Please be aware that as long as a defendant is held in the Bristol County House of Correction the Court only has to make a phone call to request that a defendant be brought to the Court for a hearing there is no paperwork issued for this. The Court does not have a copy of your transfer records on record, I assume you would receive this information from the House of Correction. I hope this information is helpful to you. As you requested I have enclosed a copy of your docket sheet.

Sincerely,

Marc J. Santos,
Clerk/Magistrate

Enclosure

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS                                   SUPERIOR COURT
                                              Ind. No. 25906

COMMONWEALTH          )
                      )
        v.            )
                      )
MICHELLE LYNNE KOSILEK )
                      )

### DEFENDANT'S MOTION FOR A NEW TRIAL-Rule 30 (a) (b)

Now comes the defendant in the above-referenced criminal case and moves this Honorable Court to vacate her sentence and order a new trial or other such relief as is warranted by the facts including dismissal of the indictment. In support thereof, defendant offers the following.

### DEFENDANT'S RIGHT TO SPEEDY TRIAL WAS DENIED

1. Defendant was arrested on 5/23/90 in New York for speeding. Upon discovery of a fugitive warrant for murder, speeding charge was dropped. Defendant did not resist return to Massachusetts but was not returned until 10/2/90. Defendant was arraigned on 10/3/90. At a subsequent hearing on 10/15/90 defendant agreed to a 14-day continuance for a competency evaluation to be conducted at Bristol County Jail. Issue of bail was deferred pending return. Exam was conducted and submitted to Court on 10/31/90 but defendant never returned to court until 10/30/91—53 weeks after a two-week continuance.

2.  On 10/30/91 defendant made oral motion to dismiss, but Judge Mather denied it instantly, not giving defendant opportunity to show why she believed dismissal was warranted by presenting letter to District Attorney written five months earlier firing attorney and demanding speedy trial. Letter to district attorney established speedy trial claim and district attorney was obligated to present same to Court <u>Commonwealth v. Lutoff (1982) 440 N.E. 2d52, 14 Mass App. 434</u> (Exhibit 1). Same letter informs district attorney that defendant had not heard from her attorney for seven months—he eventually visited defendant once—five months later (Exhibit 2).

3.  Defendant filed a subsequent Motion to Dismiss on 9/8/92. At a hearing on 9/13/92, Judge Xifaras was surprised to discover that no bail hearing had ever been held and scheduled a hearing for 10/20/92 to address defendant's motions, after appointing defendant Pro-se counsel. This hearing never occurred, so defendant filed another Motion to Dismiss on 11/9/92 (Exhibit 3a), as well as a Motion for a Judicial Order regarding defendant's constitutional rights as a pre-trial detainee (Exhibit 3b). On 11/10/92 Judge Flannery told defendant that instead of allowing this motion, he was going to appoint standby counsel as counsel for defense, despite an admission by jail attorney that defendant's claim that she had not been allowed access to law library, typewriter, phones, etc., was true.

Defendant was never allowed to represent herself, despite a court order allowing same.

4.  On 11/24/92, Judge Flannery issued a memo denying defendant's Motion to dismiss. Every claim made by Judge Flannery is erroneous (Exhibit 4). Paragraph 1: Defendant was arrested and indicted in May 1990, not October 1990. Paragraph 2: Clerk-Magistrate has failed to surrender documents defendant needs to validate claim, despite a court order from Judge Tierney (Exhibit 5). Paragraph 3: Between 5/23/90 (arrest date) and 10/30/91 defendant agreed to one 14-day continuance. Minus 14 days, this period equals 484 days and does not take into account periods excluded after 10/30/91. Paragraph 4: Erroneous calculations; time period began 5/23/90. <u>Commonwealth v. Lutoff (1982) 440 NE 2d52, 14 Mass App 434; Commonwealth v. Boland (1997) 683 NE 2d726, 43 Mass App 451; Braune v. U.S. 67 F2d 294</u> "State must prove that fugitive status delayed trial," (18 USC 3282, 3290). Paragraph 5: Entire period, minus 14 days, is excluded. Paragraph 6: Impossible to acquiesce if uninformed; Massachusetts Rules of Criminal Procedure Rule 18 "defendant has right to be present at all critical stages of the proceedings." Defendant asserts that any time her right to speedy trial could be waived by agreeing to a continuance that she had a right to be a party to this decision. An attorney's knowledge cannot be assumed to be the knowledge of the attorney's client; this is hearsay,

according to Judge Mark L. Wolf, in his decision to refuse to hold a defendant responsible for his attorney's knowledge (Kosilek v. Nelson, et. Al, 2000 USDC). Paragraph 7: Defendant agreed to one 14-day continuance only. Paragraph 8: This is a total fabrication, based on district attorney Moses' false claim in his Memo in opposition (Exhibit 6) wherein he claims that defendant was sent to Bridgewater State Hospital (page 2, paragraph 4). Defendant never went to Bridgewater until two years later, when she became suicidal and attempted self-castration due to more than two years of oppressive treatment by jail officials (Exhibit 7). This claim by district attorney Moses is gross misconduct, if not perjury. Paragraph 9: Not true. Impossible to object to something you are not aware of. Also, the Public Records Request that Judge Flannery refers to specifically identifies the documents in question as crucial to defense of criminal charge (Exhibit 8). Finally, the last sentence is indefensible; documents that prove or disprove a claim before the bar are always relevant. MGL c248§ 6 requires that writs be issued when a prisoner goes from jail to Court.

5.  Appellate Counsel refused to address speedy trial issue, laboring under the false belief that the time frame starts at arraignment, when it actually starts on the day of arrest (Exhibit 9). <u>Commonwealth v. Lutoff, Commonwealth v. Blainey, Commonwealth v. Rodriguez</u>. He was also unaware of the district attorney's responsibility with reference to my letter

dismissing Counsel and demanding trial. District attorney used this letter as proof of my signature and a year later (Motion to suppress hearing), but declined his obligation to use it to my requested end, a violation of Brady v. Maryland 373 US 83; Commonwealth v. Tucceri 589 N.E. 2d (1986); 412 Mass. 401 (1992); Commonwealth v. Gallarelli 399 Mass. 17(1987). This is prosecutorial misconduct.

6.   Defendant's attempt to secure medical treatment for transsexualism, which was guaranteed under 14th Amendment and 103 CMR 932, exacerbated by her attempt to represent herself, both of which were illegally denied, resulted in a mental breakdown wherein defendant had to be hospitalized (Exhibit 7). This is a classic illustration of the Court's argument in Commonwealth v. Lutoff; "Interests which are protected by speedy trial guarantee include prevention of oppressive pre-trial incarceration, minimization of defendant's anxiety, and limitation of possibility that defense will be impaired." Sheriff's refusal to allow defendant to represent herself was so bold that the jail superintendent intercepted her outgoing mail when defendant attempted to purchase Massachusetts Rules of Criminal Procedure (Exhibit 10). This behavior certainly meets the standard of oppressive pre-trial incarceration in Commonwealth v. Lutoff (1982) 440 N.E. 2d 52, 14 Mass. App. 434.

INEFFECTIVE ASSISTANCE OF COUNSEL

1.   Counsel was appointed as a coercive, inappropriate remedy to defendant's attempt to have the Court guarantee her rights as a pre-trial detainee acting pro-se. Appropriate remedy was to order access to law books, witnesses, telephone, etc.

2.   Counsel failed to object to Court's refusal to allow a view of the crime scene which would have shown that flight was impossible; Bloomer v. U.S. 162 F3rd, 187 (2nd Circuit 1998); the Court then instructed the jury that the "defendant had an obligation to retreat and avail herself of all reasonable and proper means of avoiding physical contact" Vol. 6, p. 102, L. 14-24. This disparity should have been objected to by counsel.

3.   Counsel failed to call any witnesses to testify to victim's history of spontaneous violent behavior, and failed to object to Court's refusal to allow medical records into evidence which support this claim and would have shown that victim was taller than defendant and fifty-five pounds heavier, all while allegedly offering a "self-defense" strategy. Court had approved expert witness fee for expert to support defendant's contention that victim had a history of violent behavior relative to PMS—Counsel did not call this witness either. Counsel called one witness, a psychologist, who merely confirmed defendant's diagnosis of transsexualism. At a sidebar conference, Counsel claimed she had "no choice but to rest" because witnesses were an hour late, despite admitting that she had no

returns on the summons and was unsure if witnesses had been served. Vol. 6, P. 29, L. 17-22. There was no compelling need to rest, as the Court was very understanding of the delay caused by the district attorney's flat tire. Vol. 6, P. 26, L. 13-15. Counsel was just ineffective, as evidenced by her remarks, Vol. 6, P. 27, L. 9-14, showing irresponsible, disorganized behavior. Defendant knew nothing about this conversation until several years later, when she read the transcript. Defendant was waiting to testify when Counsel rested the case at a sidebar conference.

4.     Defendant's competency evaluation should have been allowed, as the doctor's opinion was that defendant suffered from amphetamine and barbiturate intoxication. Jury had a right to consider this information, but district attorney told the Court at the sidebar "no one else believed there was any impairment" Vol. 6, P. 112, L.23-24. This constitutes prosecutorial misconduct.

5.     Counsel failed to allow defendant to testify to any of the above-stated facts, despite defendant's insistence on testifying. Counsel told defendant that she should wait until the other witnesses had testified, and then either testify or waive her right to testify. Defendant never had a chance to do so, as Counsel waives defendant's right to testify at a sidebar, without defendant's knowledge, Vol. 6, P. 29, L. 5-6, then rested without conferring with defendant. Again defendant was unaware of this development until reading the transcript years later. At Vol. 6, P.76, L.23-

24, the Court told the jury "I'm sure you noticed that the defendant did not testify" and Vol. 6, P. 77, L. 1, "This defendant has an absolute right not to testify." No mention of my wish to testify or the fact that my attorney had surrendered this right, yet the Court informed the jury that the sidebar discussions were none of their concern; Vol. 6, P. 65, L.10-11 "I assure you, if it was meant for your ears, you would have heard it." Defendant was waiting to testify when Counsel for defense rested her case at a sidebar conference. Defendant believes she had a right to be part of that decision and a right to testify.

## CONCLUSION

Defendant believes that her attempt to secure treatment for transsexualism, which is still in contention at this writing, created a schism between herself and her attorneys, and a circus atmosphere that many wanted to laugh at and few wanted to fix. Seven different justices were assigned and in the end, justice seems to have suffered.

The facts contained herein support defendant's claims that her right to a speedy trial, to defend herself, to get medical treatment, to testify, and to benefit from exculpatory evidence, were all compromised. Together with an unusual amount of prosecutorial misconduct and administrative malfeasance, these denials of defendant's Constitutional

Rights combined to deny even a semblance of a fair trail. Defendant prays this Honorable Court will agree.

Signed this date under pains and penalties of perjury,

Dated March __17__, 2001.

Respectfully submitted by,

*Michelle Lynne Kosilek*

Michelle Lynne Kosilek, Pro-se

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS                                    SUPERIOR COURT
                                               Ind. No. 25906

COMMONWEALTH           )
                       )
        vi.            )
                       )
MICHELLE LYNNE KOSILEK )
_____)

### MOTION TO APPOINT COUNSEL

Now comes the defendant in the above-referenced criminal case and moves this Honorable Court to appoint counsel. Defendant's motion for a new trial or dismissal is very complex in nature, as is the history of this case. Defendant believes justice will be better serviced if counsel is appointed, as she is unskilled in legal matters.

Dated March 17, 2001.

                                    Respectfully submitted by,

                                    [signature]
                                    Michelle Lynne Kosilek, Pro-se

Michelle Lynne Kosilek

W-53865 Box 43
Norfolk, MA 02056

March 17, 2001

Bristol Superior Court
Marc J. Santos-Magistrate
P.O. Box 547
Taunton, MA 02780

Dear Magistrate Santos:

Enclosed for filing in the matter of Commonwealth v. Michelle Lynne Kosilek, Ind. No. 25906 are the following:

1. Motion for a new trial-Rule 30 (a) (b)
2. Exhibits 1-10
3. Motion to appoint counsel
4. Certificate of service

Please schedule an evidentiary hearing.

Respectfully submitted,

Michelle Lynne Kosilek, Pro-se

### CERTIFICATE OF SERVICE

I have this day mailed a copy of the Motion for a new trial by first-class mail to:

Attorney General Thomas F. Reilly
One Ashburton Place, 20th Floor
Boston, MA 02108

District Attorney Paul Walsh
888 Purchase Street
New Bedford, MA 02740

Signed under pains and penalties of perjury,

Michelle Lynne Kosilek