UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE LYNN KOSILEK )
)
Petitioner, )
)
v. ) Civil Action No. 04-11591-RCL
)
LUIS SPENCER )
)
Respondent. )

## MEMORANDUM OF THE RESPONDENT
## IN SUPPORT OF MOTION TO DISMISS

The petitioner, Michelle Lynn Kosilek, formerly known as Robert Kosilek, seeks federal habeas corpus relief on the ground that he was denied the right to a speedy trial and the effective assistance of counsel in violation of federally secured constitutional rights. (Petition, p. 5, ¶ 12A-12B). The petitioner was convicted of murder in the first degree under theories of premeditation and extreme atrocity for the strangulation of his wife. On August 8, 1996, his conviction was affirmed pursuant to G.L. c. 278, § 33E by the Massachusetts Supreme Judicial Court. *See Commonwealth v. Kosilek*, 423 Mass. 449, 668 N.E. 2d 808 (1996)(herein attached as Exhibit 1). Several years later, the petitioner filed a motion for a new trial on March 19, 2001 which was denied on March 28, 2001. (See Docket Entries from Bristol Superior Court herein attached as Exhibit 2). On December 31, 2003, he filed a gatekeeper petition for leave to appeal the denial of his motion for a new trial with the Single Justice. (See Docket Entries from Supreme Judicial Court for Suffolk County herein attached as Exhibit 3). On April 30, 2004, the Single Justice, Cowin, J., denied the petition. (Id.)

2

The petitioner filed the instant petition in federal court on July 14, 2004. It is the respondent's position that the petition is time-barred pursuant to 28 U.S.C. § 2244 (d)(1) and should be dismissed.[1]

## ARGUMENT

## THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS

Pursuant to 28 U.S.C. §2244(d), as amended by the AEDPA,

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[1] Since it appears from the face of the petition and the docket sheets that allowance of the motion would be dispositive, the respondent has elected to forego filing an Answer and Supplemental Answer to the petition or claim any affirmative defenses. If motion is denied, the respondent respectfully requests an enlargement of thirty days from the date of receipt of decision to answer the petition and plead any viable affirmative defenses.

3

claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner's conviction was affirmed by the Supreme Judicial Court on August 8, 1996 pursuant to G.L. c. 278, §33E. Allowing ninety days to file a petition for a writ of certiorari to the United States Supreme Court, the petitioner's conviction became final on November 6, 1996. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 70 (1st Cir. 2002); *Donovan v. Maine*, 276 F.3d 87, 91 (1st Cir. 2002) ("section 2244(d)(1) provides for tolling during the ninety-day period in which the petitioner would have been allowed to ask the United States Supreme Court to grant certiorari to review the [state court's] denial of his direct appeal (the fact that the petitioner did not seek certiorari is immaterial").

Under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from November 6, 1996 (or until November 6, 1997) when the judgment became final by the expiration of the time for seeking review by the United States Supreme Court, to file his federal habeas petition. *See Clay v. United States*, 537 U.S. 522, 526-28 (2003). The petitioner did not file his habeas petition until July 14, 2004, almost seven years after the one-year period expired. Therefore, this petition for habeas corpus is time barred under the statute of limitations in 28 U.S.C. § 2244(d) and must be dismissed.

Although the one year period of limitation may be tolled during the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, this provision does not benefit the petitioner as the docket sheets reveal that he did not file his motion for a new trial until March 19, 2001, long after the statutory period expired on November 6, 1997. (Exh. 2).

4

Although time-barred, a habeas petition may survive under the principle of equitable tolling which provides that in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *David v. Hall*, 318 F.3d 343, 345-46 (1st Cir. 2003); *see Delaney v. Matesanz*, 264 F.3d 7, 13-14 (1st Cir. 2001). The United States Court of Appeals for the First Circuit recently held that the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases, noting that every other circuit to address this question had reached the same conclusion. *Neverson v. Farquharson*, 366 F. 3d 32, 41 (2004) and cases cited. However "[e]quitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling of §§ 2254 claims as a "narrow safety valve[]" reserved for "instances of clear injustice"). The party seeking equitable tolling bears the burden of establishing a basis for it and it should be applied sparingly, only in rare and exceptional cases, where extraordinary circumstances prevented the petitioner from timely filing his petition. "It is not available to rescue a litigant from his own lack of due diligence." *Neverson*, 366 F. 3d at 42. At a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time. *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002); *Delaney v Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001). The First Circuit emphasized that "[i]n the habeas context particularly, care is required to avoid upsetting the 'strong concern for finality' embodied in §§ 2254." *Neverson*, 366 F. 3d at 42, quoting *Brackett v. United States*, 270 F.3d at 67.

5

Clearly, the petitioner does not merit this extraordinary relief since he fulfills none of the essential requirements for triggering an exemption from the one-year period of limitation as delineated in *Neverson*. The petitioner was not diligent in pursuing his claims since he waited five and one-half years after the SJC affirmed his conviction to file a motion for a new trial. Moreover he asserted claims, i.e., the denial of the right to a speedy trial and ineffective assistance of counsel, which could have been advanced in his direct appeal which was decided in 1996.[2] Moreover, no circumstances beyond the petitioner's control prevented him from filing a timely petition or tolling the period while he pursued his state action. This is not the rare and exceptional case in which equitable tolling is warranted.

## CONCLUSION

For the above-stated reasons, the respondent submits that the petition should be dismissed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108

---

[2] Even if the petition was not time-barred, it is likely that these issues are procedurally defaulted since the petitioner did not raise them in a timely manner in his 1996 appeal and the Single Justice declined to allow the appeal from the denial of his motion for a new trial filed in 2001 pursuant to G. L. c. 278, § 33E. See *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st Cir. 1999)(the denial of the §33E gatekeeper petition is a "classic example of an independent and adequate state ground."; *Moore v. Ponte*, 186 F.3d 26, 32 (1st. Cir. 1999) (denial of gatekeeper petition functions as a procedural default)

6

(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached motion and notice of appearance was served upon the following petitioner pro se by first class mail, postage pre-paid, on August 12, 2004.

Michelle Lynne Kosilek, pro se
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General